## Case No. 14,720.

### UNITED STATES v. CARBERY et al.

[2 Cranch. C. C. 358.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

ELECTIONS—COMMISSIONERS OF ELECTION—VOTES —PAROL EVIDENCE.

1. The election of a mayor of the city of Washington must be held in each ward by three commissioners of election. If the three are present the acts of the majority are, in law, the acts of the three. The return of two is sufficient, if the three were present. The return of the commissioners is not conclusive, but is prima facie evidence that the votes were good, and throws the burden of proof on the relator to show that bad votes were given for the incumbent. If the election be held by two commissioners only, in any of the wards, the whole election is void.

2. A certificate of the result of the election must be returned by the commissioners to the boards of aldermen and common council. Parol evidence is competent to show that all the commissioners were present.

A writ of mandamus nisi, was obtained by Mr. Roger C. Weightman, one of the candidates for the office of mayor of Washington at the late election, held on the first Monday in June, 1822, against Mr. Thomas Carbery, who had been returned as duly elected; and against the commissioners of election; commanding the said Thomas Carbery immediately to cease and forbear to hold, claim, or execute, the place, or office of mayor, and to admit the said Roger C. Weightman into the said place and office; and commanding the said commissioners to return him as mayor of the said city duly elected at the said election, or show cause to the contrary. To this writ there was a special return, concluding with an averment that the said Thomas Carbery was duly elected mayor, &c., and that the said R. C. Weightman was not. Upon this traverse, an issue was joined; which came on to be tried on the 2d of January, 1823.

Mr. Jones, for relator, contended, 1st, that the return of the election of mayor must, under the 3d section of the charter of 1820 (3 Stat. 583), be made by all the commissioners of election. A return by part of them is insufficient. It is different in the case of the election of members of the boards of aldermen and common council; for by the 6th section the return by a majority, as to their election, is expressly authorized. 2d. That the election must be holden by three commissioners in each ward; although a return by two should be deemed sufficient. All must be present acting, or ready to act; and this must appear by their return. Parol evidence is not competent to prove that fact. The return of the first ward is by two of the commissioners only; and they do not certify, that they are a majority. If one of the commissioners is present and refuses to act, there are in law only two present. The reason for having three present, is, that all questions may be promptly decided. The general principle that in corporations aggregate, the act of a majority is the act of all, does not apply to the commissioners of election. They have only a joint power.

Mr. Swann and Mr. Ashton, for respondents. The return by a majority is sufficient; and it is competent to show by parol evidence that all the commissioners were present, and that those who made the return were a majority. In all cases of a public nature, and where the power is given for the public good, the act of the majority is the act of all. Green v. Miller, 6 Johns. 39, 41; Grindley v. Barker, 1 Bos. & P. 229; Rex v. Beeston, 3 Term R. 592; Withnell v. Gartham, 6 Term R. 388; Vin. Abr. tit. "Authority," p. 418, § 6; Co. Litt. 181b. Suppose one of the commissioners should be taken suddenly ill, or should die, or seeing that the election was going against his wishes, should retire, or refuse to act—would the whole election be void?

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

This surely could not be the intention of the legislature. In the case of corporations aggregate, it is not necessary that all should be present, if all had notice.

THE COURT (THRUSTON, Circuit Judge, absent,) decided, 1st. That it was competent to give parol evidence to show that the whole number of commissioners were present at the election in the First ward. 2d. That the election in each ward must be holden by three commissioners. 3d. That if the three commissioners were present, the acts of the majority were in law the acts of the three. 4th. That the return of two is sufficient if the three were present.

Mr. Jones and Mr. Key, for relator, then offered evidence to show that votes had been given, for Mr. Carbery, by unqualified voters.

Mr. Swann and Mr. Ashton objected, and contended that the several returns of the ward commissioners is conclusive on that point, they being the sole judges of the qualifications of the electors; and as the choice is required to be by ballot, no voter can be compelled to disclose for whom he voted. No power is given, by the charter, to any person or tribunal to decide upon the election of mayor. The boards of aldermen and common council have the sole and exclusive right, by the 6th section of the charter, to "judge of the legality of the elections, returns, and qualifications of their own members," but not of the mayor. By the 3d section the commissioners are to certify to the boards of aldermen and common council "the result of the election of mayor;" in order to do which, they must decide upon the qualification of the voters at the time of voting. It is not necessary that the certificate of the election of the mayor should be the joint act of all the eighteen commissioners of election. If each set of commissioners of the several wards, respectively certify the number of votes taken in their respective wards, it is equivalent to a certificate of the result of the election by the eighteen commissioners; for if the number of votes in each ward is ascertained, the result of the election is that he is chosen who has the greatest number of votes. It is not necessary that the result should be certified by the commissioners where they have certified the facts from which that result must necessarily follow. The return of the commissioners as to the election of mayor is to be made in the same manner as that for the election of the members of the boards of aldermen and common council; that is, "the commissioners for each ward, or a majority of them, shall count the ballots, and make out, under their hands and seals, a correct return of the persons having the greatest number of legal votes," "together with the number of votes given to each person voted for." In order to do this they must necessarily decide upon the legality of the votes. This court has no jurisdiction to decide upon the validity of the election.

Mr. Jones. The jurisdiction of this court is general, and is unlimited by the subject-matter. It has an inherent jurisdiction to compel all the corporations in the district to do their duty. In this respect there is no difference between the corporation of Washington and the banks and insurance companies. This court has compelled the Bank of Alexandria to open its subscription; has set aside the election of the officers of the Union Bank of Alexandria, and of the Columbian Insurance Company. The commissioners have no authority to judge of the qualification of the electors. By the 5th section of the charter, the register of the city is to furnish the commissioners with "a list of the persons having a right to vote." The register, therefore, and not the commissioners, is to judge of the qualifications of the voters. The boards of aldermen and common council have the exclusive right of judging of the election of members of their own bodies, and consequently of the qualifications of the electors; and the mayor is to be chosen by the same electors. No power is anywhere given to the commissioners upon that subject. They are to receive the votes of such voters as are on the register's list.

Mr. Key, on the same side, cited Johnston v. Corporation of Charleston, 1 Bay, 441; Brosius v. Reuter, 1 Har. & J. 557, 558.

Mr. Swann, contra, cited Symmers v. Regem, Cowp. 498.

THE COURT (THRUSTON, Circuit Judge, absent,) said that the return of the commissioners was not conclusive, but was prima facie evidence that the votes were good, and threw the burden of proof on the relator to show that bad votes were given for the incumbent.

THE COURT also decided that the return from the 5th ward was void because the election was holden by two only of the three commissioners; and that the whole election was void for that reason; as well as because no certificate of "the result of the election of mayor" was ever returned by the commissioners to the board of aldermen and board of common council, agreeably to the 3d section of the charter.

Notwithstanding this opinion of the court the jury found a general verdict "for the defendants," thereby, in effect, affirming the election to be valid.

THE COURT (THRUSTON, Circuit Judge, absent,) ordered a new trial to be had at the present term, without costs. The issues were informal, there being a double traverse, namely, the election of Mr. Weightman traversed by Mr. Carbery; and that of Mr. Carbery by Mr. Weightman.

The new trial came on, January 8, 1823, when Mr. Swann, to show that upon a mandamus the defendant cannot be amoved unless for the purpose of admitting the relator, cited Rex v. Mayor of Colchester, 2 Term R. 259; Rex v. Bishop of Chester, 1 Term R. 396; Geter v. Commissioners for Tobacco Inspection, 1 Bay, 356.

THE COURT gave the same instructions to the jury as upon the former trial; and added, further, that upon the evidence, the jury ought to find a verdict for the relator.

Mr. Swann, prayed the court to instruct the jury that it was competent for them, upon that evidence, to find a verdict for the defendant; but the court refused.

Verdict for the relator; who thereupon filed an information in the nature of a quo warranto, in the name of the attorney of the United States, but it was never prosecuted, as the term for which the mayor was elected expired on the first Monday of June, 1824, and it could hardly be expected that the proceedings upon the quo warranto would be terminated before that day.